```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ARLEAMON SADLER, JR.,

                    Plaintiff,           MEMORANDUM & ORDER
                                         23-CV-6418 (EK) (SJB)
    -against-

U.S. MARSHAL; FEDERAL ATTORNEY
GENERAL (GUILIANNI); FEDERAL BUREAU
OF INVESTIGATION – INTELLIGENCE UNIT,
NEW YORK STATE; TIMMY CARTER AS
BILLY CARTE; U.S. ARMY INTELLIGENCE/
ROTC/ WEST POINT, NY,

                    Defendants.
----------------------------------------X
```

ERIC KOMITEE, United States District Judge:

Plaintiff Arleamon Sadler, Jr.,[1] proceeding *pro se*, filed this action against defendants, alleging injuries arising from a supposed government conspiracy to harm Sadler. Compl. ECF No. 1. Plaintiff did not pay the filing fee and did not seek a waiver thereof. Therefore, the Clerk of Court sent him a Notice of Deficiency. ECF No. 2. On September 25, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF

---

[1] Sadler has filed the following cases in this Court: *Sadler v. Kiepper*, No. 91-cv-5069 (ERK) (E.D.N.Y. dismissed Jan. 2, 1992); *Sadler v. U.S. Attorney General, et al.*, No. 94-cv-2787 (ERK) (E.D.N.Y. dismissed June 29, 1994); *Sadler v. Dep't of Justice, et al.*, No. 94-cv-5614 (ERK) (E.D.N.Y. dismissed Jan. 23, 1995).

Based on Sadler's litigation history in the United States District Court for the Southern District of New York, he was barred from filing any new actions in the Southern District of New York. *See Sadler v. Dep't of Justice*, No. 94-cv-337 (TPG) (S.D.N.Y. Jan. 22, 1994); *Sadler v. Fire Dep't, et al.*, 19-cv-7960 (CM) (S.D.N.Y. Aug. 29, 2019) (dismissing action because he failed to seek leave to file).

No. 4.  By Order dated October 18, 2023, the Court denied Plaintiff's IFP application with leave to amend or pay the filing fee.  On November 16, 2023, Plaintiff filed a letter that the Court construes as an amended IFP application.  ECF No. 5.  The Court grants Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order.  For the reasons that follow, the complaint is dismissed.

## Standard of Review

To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Nevertheless, when the plaintiff seeks to proceed *in forma pauperis*, the court must dismiss if it determines that the complaint "(i) is frivolous or

---

[2] Unless otherwise noted, when quoting judicial decisions this Order accepts all alterations and omits citations and internal quotation marks.

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Sadler's complaint alleges surveillance and spying "as he prepared his federal case against New York Police Department and Transit Police Department as well as U.S. Military Police Intelligence Units." Compl. at 2. Sadler contends that "Rudolph Guilianni" helped the Defendants "block his legal research and request for assistance from then District Attorney Haynes (Brooklyn) and U.S. Department of Justice (Brooklyn Division)." Compl. at 2.

Plaintiff further alleges the following:

> Some time later, Plaintiff was threatened by having another pedestrian purposely hit by a van and crushed to death!
>
> While living in Brooklyn, Plaintiff was physically attached and verbally threated that plaintiff would be 'bombed.'
>
> The Brooklyn Public Library contributed to this mayhem by illegally restricting priveleges to plaintiff.
>
> The 'matter' was communicated by "White House" and U.S., U.S. Marshals interference!

Compl. at 3 (emphasis in original). He seeks $1 billion dollars in damages from each Defendant.

3

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Even when liberally construed, Sadler's complaint is frivolous and must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

In light of Sadler's litigation history, the Court warns him that it will not abide frivolous litigation.[3] "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Thus, Sadler is on notice that the Court may impose a filing injunction, should he continue to file similar actions in this Court. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (a "district court may

---

[3] *See supra* note 1, at 1.

4

not impose a filing injunction . . . without providing the litigant with notice and an opportunity to be heard").

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* plaintiffs are ordinarily granted leave to amend if "the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015), leave to amend "may properly be denied if the amendment would be futile," *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013), or where the action is frivolous. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Since this complaint is devoid of any basis in law or fact, defects that cannot be cured by amendment, leave to amend is denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mark this case closed and mail a copy of this

Memorandum and Order to Plaintiff and note service on the docket.

       SO ORDERED.

                            /s/ Eric Komitee  
                            ERIC KOMITEE  
                            United States District Judge

Dated:    January, 3, 2024  
            Brooklyn, New York